

March 12, 2025

**VIA ECF**

The Honorable Magistrate Judge Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:**   *Edith and Carl Marks Jewish Community House of Bensonhurst, Inc., et al. v. Berkshire Hathaway Direct Insurance Company*
              Case No.: 1:23-cv-00336-JPC-OTW

Dear Judge Wang,

      This firm represents Defendant Berkshire Hathaway Direct Insurance Company f/k/a American Centennial Insurance Company ("Defendant" or "ACIC") in the above-referenced matter. This Letter Motion is submitted by ACIC pursuant to Sections III(d) and IV of Your Honor's Individual Practices in Civil Cases.

      Per Your Honor's March 3, 2025 order [ECF 129], this Court adopted the Parties' revised proposed schedule for replies to all Motions for Summary Judgment, setting the deadline for all parties to file replies to March 12, 2025.

      In connection with ACIC's forthcoming replies to Motions for Summary Judgment, the Parties have conferred in good faith regarding the need to file certain materials under seal in accordance with Your Honor's Rules. Accordingly, ACIC requests approval from Your Honor to file the following excerpt under seal:

1. Section III of Defendant's Reply In Further Support of Defendant Berkshire Hathaway Direct Insurance Company f/k/a American Centennial Insurance Company's Motion For Partial Summary Judgment Based Upon "Expected Or Intended" Abuse

      This section contains information regarding the underlying New York Child Victims Act cases at issue in the above-captioned action and potentially other related cases. The Parties have conferred, and Plaintiffs do not object to Section III of the aforementioned reply brief being filed under seal.

The Second Circuit has concluded that "there exists a qualified First Amendment right of public access to documents submitted to court in connection with a summary judgment motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 1987). Indeed, "any right of access is not absolute." *Id.* at 120 n. 4. "Notwithstanding the presumption of public access under both common law and the First Amendment, judicial documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Id.* at 120 (finding that "documents submitted by parties to court under seal for its consideration in summary judgment motion were, as matter of law, 'judicial documents'"). Specifically, "'[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The limited portion of Defendant's reply at issue here passes muster as it contains sensitive information regarding the underlying New York Child Victims Act cases at issue which remain ongoing, as well as potentially other related cases brought pursuant to the New York Child Victims Act. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (explaining that a case in which disclosure would reveal details of an ongoing investigation contains interests favoring secrecy). Further, Defendant does not request that the entire brief be sealed, but rather only a portion of it, so as to narrowly tailor the request.

The document referenced herein is being contemporaneously filed electronically through the Court's ECF system in conformity with the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, Section 6.

We thank Your Honor for your consideration of these issues.

> Respectfully submitted,
> **MENDES & MOUNT LLP**
> S/Eileen T. McCabe
> Eileen T. McCabe., Esq. (0875)
> 750 Seventh Avenue
> New York, NY 10019
> (212) 261-8000
> eileen.mccabe@mendes.com
> *Attorneys for Defendant*

Cc:   All Counsel of Record (via ECF)

The request is granted. The identified except contains sensitive information regarding the underlying New York Child Victims Act cases at issue, which remain ongoing, as well as potentially other related cases brought pursuant to the New York Child Victims Act. Further, the sealing request is narrowly tailored to address the sensitivity of that information. Accordingly, sealing is warranted under *Lugosch*, and Defendant may file the identified excerpt under seal.

SO ORDERED
March 13, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge