UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                         :
EDITH AND CARL MARKS JEWISH COMMUNITY                                    :
HOUSE OF BENSONHURST, INC., *et al.*,                                    :
                                                                         :
                              Plaintiffs,                                :
                                                                         :
              -v-                                                        :          23 Civ. 336 (JPC)
                                                                         :
BERKSHIRE HATHAWAY DIRECT INSURANCE                                      :              ORDER
COMPANY f/k/a AMERICAN CENTENNIAL                                        :
INSURANCE COMPANY,                                                       :
                                                                         :
                              Defendant.                                 :
                                                                         :
-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

By February 9, 2026, Plaintiffs must submit a letter, not to exceed five pages, explaining why they should not be bound by the decisions made by counsel from Gallo Vitucci Klar LLP. The Court reminds Plaintiffs that a party typically "must be bound by what his lawyers did and his acquiescence in that course." *U. S. ex rel. Reid v. Richmond*, 295 F.2d 83, 90 (2d Cir. 1961); *Smith v. Ayer*, 101 U.S. 320, 326 (1879) ("The law . . . considers the principal as affected with notice of all facts, notice of which can be charged upon the attorney."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent."); *see also id.* at 634 n.10 ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice."). Plaintiffs' letter should also explain whether they would wish to seek voluntary dismissal of this action in the event that the Court does not grant a stay.

Also by February 9, 2026, Defendants must submit a letter, not to exceed three pages, explaining whether there are any conditions that would lead them to support a voluntary dismissal of this action without prejudice.  Federal Rule of Civil Procedure 41(a)(2) allows a district court to order voluntary dismissal of an action "on terms that the court considers proper."  Such conditions "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).  Under this flexible authority, a court may require a plaintiff to pay the defendant's costs, require a plaintiff to bring a contemplated action within a certain timeframe, or impose whatever other terms are necessary "to prevent abuse of the judicial process."  *Wallace Clark & Co. v. Acheson Indus., Inc.*, 394 F. Supp. 393, 401 (S.D.N.Y. 1975).  Defendants' letter should justify why any such conditions would be appropriate here.

     SO ORDERED.

Dated: February 3, 2026
      New York, New York

                              JOHN P. CRONAN
                         United States District Judge

2